**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RICARDO BARCENAS, *on behalf of himself, FLSA Collective Plaintiffs and the Class,*

Plaintiffs,

v.

ERMINIA RESTAURANT a/k/a ERMINIA CORP. d/b/a LATTANZI RESTAURANT, VITTORIO LATTANZI, and FRANCO PAUL LATTANZI,

Defendants.

**Case No.:** 1: 20-cv-01924-LGS

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION

C. K. Lee, Esq. (CL 4086)
Lee Litigation Group, PLLC
148 West 24th Street, 8th Floor
New York, NY 10011
Tel: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs*
*and the Class*

# TABLE OF CONTENTS


EXHIBITS .......... iv

TABLE OF AUTHORITIES .......... v

I. PRELIMINARY STATEMENT .......... 1

II. PLAINTIFF'S FLSA COLLECTIVE ACTION CLAIMS .......... 2

A. DEFENDANTS FAILED TO PROVIDE PROPER TIP CREDIT NOTICE TO TIPPED EMPLOYEES .......... 4

B. PLAINTIFF AND COVERED EMPLOYEES WERE ROUTINELY REQUIRED TO PERFORM NON-TIPPED DUTIES FOR MORE THAN 20 PERCENT OF THEIR SHIFTS .......... 6

C. ALL TIPPED WERE REQUIRED TO UNDERGO A TRAINING PERIOD, DURING WHICH THEY WERE PAID THE TIPPED CREDIT MINIMUM WAGE, BUT WERE NOT ENTITLED TO KEEP THEIR TIPS. .......... 7

D. DEFENDANTS VIOLATED THE NEW YORK LABOR LAW'S WAGE AND HOUR NOTICE AND WAGE STATEMENT REQUIREMENT WITH RESPECT TO ALL COVERED EMPLOYEES INCLUDING PLAINTIFF .......... 8

III. THE PROPOSED NOTICE SHOULD BE CERTIFIED .......... 9

A. EARLY NOTICE TO 'SIMILARLY SITUATED' EMPLOYEES IS APPROPRIATE AND NECESSARY .......... 9

i. Sending Expedited Notice to "Similarly Situated" Employees Fulfills the FLSA's Broad Remedial Purposes .......... 10

B. THE COURT SHOULD CERTIFY THE COLLECTIVE ACTION AND ORDER NOTICE .......... 11

i. The Standard for Conditional Certification and Notice Is Lenient .......... 11

ii. The Underlying Merits of the Case are Immaterial to the Determination of Conditional Certification and Notice .......... 13

iii. Plaintiff Has Made the Modest Factual Showing Required for Conditional Certification .......... 14

C. DISCOVERY OF NAMES, ADDRESSES AND TELEPHONE NUMBERS IS PROPER AND NECESSARY UNDER § 216(b) .......... 15

D. THE PROPOSED NOTICE IS FAIR AND ADEQUATE ..................................16

IV. CONCLUSION.............................................................................................. 17

## EXHIBITS

**EXHIBIT A** – Proposed Form of Collective Notice

**EXHIBIT B –** Decl. of M. Patricia Smith ¶ 9

**EXHIBIT C** – Plaintiff's Paystubs

**EXHIBIT D** – Defendants' Produced Quarterly Earnings Report and Payroll Reports

# TABLE OF AUTHORITIES

## CASES


*Anglada v. Linens n' Things, Inc.*, No. 06 Civ. 12901, 2007 U.S. Dist. LEXIS 39105 (S.D.N.Y. Apr. 26, 2007) ........ 11, 14, 15

*Braunstein v E. Photographic Labs.*, 600 F.2d 335 (2d Cir. 1978) ........ 9

*Chan v. Sung Yue Tung Corp.*, No. 03 Civ. 6048, 2007 WL 313483 (S.D.N.Y. Feb. 1, 2007) ..... 6

*Cook v. United States*, 109 F.R.D. 81 (E.D.N.Y. 1985) ........ 10

*Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253 (S.D.N.Y. 2011) ........ 6

*Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628 (S.D.N.Y. 2007) ........ 9, 12, 15

*Dumitrescu v. Mr. Chow Enters., Ltd.*, No. 07 Civ. 3601, 2008 U.S. Dist. LEXIS 49881 (S.D.N.Y. June 30, 2008) ........ 13

*Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. 2007) ........ passim

*Foster v. Food Emporium*, No. 99 Civ, 3860, 2000 U.S. Dist. LEXIS 6053 (S.D.N.Y. Apr. 26, 2000) ........ 10

*Gjurovich v. Emmanuel's Marketplace*, 282 F. Supp. 2d 91 (S.D.N.Y. 2003). ........ 11, 13, 16

*Glatt v. Fox Searchlight Pictures Inc.*, No. 11 Civ. 6784, 2013 WL 4834428 (S.D.N.Y. Aug. 26, 2013) ........ 16

*Hallissey v. Amer. Online, Inc.*, No. 99 Civ. 3785, 2008 U.S. Dist. LEXIS 18387 (S.D.N.Y. Feb. 19, 2008) ........ 12

*Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997) ........ 11, 12, 14

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) ........ 9, 10

*Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007) ........ 10, 12

*Inclan v. N.Y. Hosp. Grp., Inc.*, 95 F. Supp. 3d 490 (S.D.N.Y. 2015) ........ 5

*Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152 (S.D.N.Y. 2014) ........ 16

*Kemper v. Westbury Operating Corp.*, No. 12 Civ. 895, 2012 WL 4976122 (E.D.N.Y. Oct. 17, 2012) ........ 16

*Khalil v. Original Homestead Rest., Inc.*, No. 07 Civ. 695, 2007 U.S. Dist. LEXIS 70372 (S.D.N.Y. Aug. 9, 2007) ........ 13

*Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346 (E.D.N.Y. 2008) ........ 13

*Lee v. ABC Carper & Home*, 236 F.R.D. 193 (S.D.N.Y. 2006) ........ 12, 15, 16

*Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357 (S.D.N.Y. 2007) ........ 14

*Marin v. Apple-Metro, Inc.*, Case No. 12-cv-05274, Dkt. No. 322 ........ 5

*Masson v. Ecolab, Inc.*, No. 04 Civ. 4488 2005 U.S. Dist. LEXIS 18022 (S.D.N.Y. Aug. 17, 2005) ........ 13

*Mazur v. Olek Lejbzon & Co.*, No. 05 Civ. 2194, 2005 U.S. Dist. LEXIS 30321 (S.D.N.Y. Nov. 29, 2005) ........ 12, 13

*McGlone v. Contract Callers*, 867 F. Supp. 2d 438 (S.D.N.Y. 2012) ........ 17

*Mendez v. Int'l Food House Inc.*, 13 Civ. 2651, 2014 U.S. Dist. LEXIS 121158, 2014 WL 4276418 (S.D.N.Y. Aug. 28, 2014) ........ 7

*Mentor v. Imperial Parking Sys., Inc.*, 246 F.R.D. 178 (S.D.N.Y. 2007) ........ 11, 12, 14

*Padilla v. Manlapaz*, 643 F. Supp. 2d 302 (E.D.N.Y. 2009) ........ 7

*Patton v. Thomson Corp.*, 264 F. Supp. 2d 263 (E.D.N.Y. 2005) ........ 10, 15

*Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303 (S.D.N.Y. 1998) ........ 12

*Reyes v. Sofia Fabulous Pizza Corp.*, No. 13 Civ. 7549, Dkt. No. 37 (S.D.N.Y. Apr. 7, 2014) .... 5

*Sherrill v. Sutherland Global Servs., Inc.*, 487 F. Supp. 2d 344 (W.D.N.Y. 2007) ........ 15

*Toure v. Cent. Parking Sys. of N.Y.*, No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056 (S.D.N.Y. Sept. 28. 2007) .......... 10, 12, 14
*Young v. Cooper Cameron Corp.*. 229 F.R.D. 50 (S.D.N.Y. 2005) .......... 14
*Zhao v. Benihana, Inc.*, No. 01 Civ. 1297, 2001 U.S. Dist. LEXIS 10678 (S.D.N.Y. May 7, 2001) .......... 13

**STATUTES**

29 U.S.C. § 203 .......... 5
29 U.S.C. § 206 .......... 4
29 U.S.C. § 216 .......... passim
29 U.S.C. § 256(b) .......... 10
29 U.S.C. §§ 255 .......... 10
N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.9 .......... 7
NYLL § 195.1 .......... 8
NYLL § 195.3 .......... 8

**RULES**

Rule 23 .......... 13

**REGULATIONS**

29 C.F.R. § 531.59 .......... 5
New York State Governor Executive Orders 202 .......... 17

## I. PRELIMINARY STATEMENT

On March 4, 2020, Plaintiff RICARDO BARCENAS ("Plaintiff") filed a Class and Collective Action Complaint ("Complaint") against ERMINIA RESTAURANT a/k/a ERMINIA CORP. d/b/a LATTANZI RESTAURANT, ("Corporate Defendants"), VITTORIO LATTANZI, and FRANCO PAUL LATTANZI ("Individual Defendants," and together with Corporate Defendants, "Defendants"), seeking unpaid wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff brought the FLSA claims on behalf of himself and all non-exempt employees, including waiters runners, bussers, and bartenders by Defendants, at all Defendants' Restaurants as defined below, within the last six (6) years ("Covered Employees").

The Complaint seeks to recover damages for (1) unpaid wages, (2) unpaid wages due to invalid tip credit, (3) illegally retained gratuities, (4) failure to provide valid notice of the tip credit allowance claimed, (5) statutory penalties, (6) liquidated damages and (7) attorneys' fees and costs.

By this motion, Plaintiff seeks the following:

(1) The Court to grant conditional certification of the FLSA claim as a representative collective action pursuant to 29 U.S.C. § 216(b)[1] on all current and former non-exempt employees, including but not limited to waiters runners, bussers, and bartenders persons employed by Defendants on or after the date that is six (6) years before the filing of the Complaint.

---

[1] Plaintiffs do not currently seek class certification of their state law claims under Fed. R. Civ. P. 23 ("Rule 23").

(2) The Court to approve the distribution of the notice of this FLSA action to Covered Employees, and including a consent form (or opt-in form) as authorized by the FLSA.

(3) The Court to approve the proposed FLSA notice of this action and the consent form, attached as **EXHIBIT A** to the Memorandum of Law.

(4) The Court to approve the consent forms of opt-in plaintiffs to be sent directly to Plaintiff's counsel.

(5) Within 10 days of the Court's Order, Defendants to produce in Excel format the names, social security numbers, titles, compensation rates, dates of employment, last known mailing addresses, email addresses and all known telephone numbers of all Covered Employees.

(6) The Court to approve the posting of the notice, along with the consent forms, in Defendants' places of business where Covered Employees are employed, by Plaintiff's counsel at any time during regular business hours.

(7) The Court to approve equitable tolling of the FLSA statute of limitations between the dates of March 20, 2020 and July 6, 2020, and until such time that Plaintiff is able to send notice to potential opt-in plaintiffs.

## II. <u>PLAINTIFF'S FLSA COLLECTIVE ACTION CLAIMS</u>

On or around November 1, 2019, Plaintiff Ricardo Barcenas was hired by Defendants to work as a waiter for Defendants' ERMINIA RESTAURANT a/k/a ERMINIA CORP. d/b/a LATTANZI RESTAURANT, which is an Italian food restaurant doing business as Lattanzi located at 361 West 46th Street, New York, NY 10013 (the "Restaurant" or "Lattanzi"). Plaintiff worked for Defendants until on or around January 10, 2020.

During his employment by Defendants, as provided in his declaration filed in support of this motion, Plaintiff suffered from wage and hour violations. He also personally observed other workers employed by Defendants suffering from the same policies. *See* Barcenas Decl. ¶¶ 2-9. Specifically, Plaintiff and all other employees suffered from Defendants' policy of failing to pay proper wages, instituting an invalid tip-credit in violation of the FLSA and NYLL, failing to provide wage notices, and proper wage statements, and failing to provide proper minimum wage. *Id*.

Throughout Plaintiff's employment by Defendants, excluding a three (3) to four (4) day training period, Plaintiff was scheduled to work from 4:00 p.m. to 10:30 p.m. for three (3) to four (4) days a week, for approximately twenty four (24) hours per week. Plaintiff's hourly wage was $10.00 per hour. *See* Barcenas Decl. ¶ 8.

During Plaintiff's training period, which occurred during the first three days after his hiring, he worked six (6) hours a day for three (3) days. During this period, Plaintiff was paid less than the statutory minimum wage. During this training period, Defendants retained all tips earned by Plaintiff. *See* Barcenas Decl. ¶ 6.

Plaintiff's personal observations and conversations with co-workers revealed that tipped employees engaged in significant periods of non-tipped activity. According to Plaintiff's observations and conversations, tipped employees spent an average of 2-3 hours a day engaged in non-tipped activities like cleaning the restaurant including the bathroom, setting tables, unloading boxes, polishing, washing glasses, mopping, and vacuuming. Barcenas Decl. ¶¶ 3-5. In his declaration, Plaintiff lists the names of co-workers with whom he spoke and who he observed suffering from Defendants' policies. Barcenas Decl. ¶ 2-5.

Furthermore, Defendants' documents demonstrate inconsistencies and indicate significant wage violations. Defendants' payroll records reveal a wage rate, which does not match

Plaintiff's paystubs, and the documents indicate that Plaintiff's tips were improperly retained by Defendants. *See* **EXHIBIT D**. First, Defendants' payroll records indicate that Defendants paid Plaintiff at a base rate of $7.50 an hour, a rate far below New York City's minimum wage. Second, the payroll records show Plaintiff earned higher tips than was provided in his paystubs. *See* **EXHIBIT D**. For example, for the week of November 18, 2020 to November 24, 2020 Plaintiff's Paystubs, demonstrate that Plaintiff earned $252.40 for hours worked, and $811.13 for tips earned. *See* **EXHIBIT C** p. 3. However, Defendants' Payroll Report indicates that Plaintiff actually earned $1,011.25 in tips. *See* **EXHIBIT D** p. 7. This failure to pay Plaintiff all of his earned tips is seen in each week of Defendants provided records. *See* **EXHIBIT D.** The inconsistencies within Defendants' own documents regarding the wage Plaintiff was being paid, and the tips that Plaintiff earned, further demonstrates the wage and hour violations that Plaintiff and his co-workers have claimed. Moreover, as an additional inconsistency in Defendants' records.

Through this motion, Plaintiff seeks to represent a collective class of employees under the FLSA comprised of all non-exempt workers employed by Defendants at Lattanzi in the last six (6) years.

### ***A. DEFENDANTS FAILED TO PROVIDE PROPER TIP CREDIT NOTICE TO TIPPED EMPLOYEES***

Under the FLSA, an employer is required to pay its employees the prevailing minimum wage. 29 U.S.C. § 206 (a)(1). However, because Defendants improperly deducted tip credit allowance from Plaintiff and other Covered Employees, they failed to pay the applicable minimum wage in violation of the FLSA and the NYLL.

When an employee is a tipped employee, an employer is allowed to claim tip credit allowance as part of the minimum wage <u>only if</u> the tip credit notice requirement is satisfied. The

"FLSA requires employers who wish to claim tip credits toward the wages of their tipped employees to 'inform[] its tipped employees in advance of the employer's use of the tip credit' by providing the employee with notice of the base cash wage and amount of tip credit increase, as well as notice 'that all tips received by the tipped employee must be retained by the employee . . . .'" *Reyes v. Sofia Fabulous Pizza Corp.*, No. 13 Civ. 7549, Dkt. No. 37, Slip Op. at 19-20 (S.D.N.Y. Apr. 7, 2014) (citing 29 C.F.R. § 531.59 (b)). Additionally, "the employer must inform employees that the tip credit may not exceed 'the value of the tips actually received by an employee.'" *Id.* (citing 29 U.S.C. § 203(m)). "This notice provision is strictly construed and normally requires that an employer take affirmative steps to inform affected employees of the employer's intent to claim the tip credit." *Inclan v. N.Y. Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 497 (S.D.N.Y. 2015) (collecting cases).

Under the NYLL, providing a proper *written* notice of tip credit is absolutely necessary for an employer to take tip credit. M. Patricia Smith, former New York State Commissioner of Labor who enacted the 2011 New York Hospitality Industry Wage Order, recently provided a declaration on this issue in a case in the Eastern District of New York, *Marin v. Apple-Metro, Inc.*, Case No. 12-cv-05274 Dkt. No. 322, stating flatly that "[t]he intent of Section 146-2.2 was to make explicit the written notice requirements that employer must follow in order to take a tip credit." *See* **EXHIBIT B**, Decl. of M. Patricia Smith ¶ 9. Ms. Smith stated further that "[i]f the employer does not give the required notice, they may not take a tip credit. If they pay a cash wage below the regular minimum wage, minimum wage violations have occurred. As with any minimum wage violation, the employee may recover the difference between the cash wage paid and the full minimum wage." *Id.* at ¶ 10. Because Defendants failed to provide proper written notice to Plaintiff and the Covered Employees, Defendants were not permitted to take tip credit and are liable for minimum wage violations.

Here, Plaintiff was paid at a sub-minimum base hourly rate throughout the relevant period because Defendants deducted tip credit allowance from his hourly wages. (Bercanas Decl. ¶ 7). Defendants seem to have paid Plaintiff $10.00 throughout his employment, with the exception of Plaintiff's training period, during which he was paid even less. *Id*. However, Defendants were not allowed to take tip credit allowances from Plaintiff's and Covered Employees' hourly rates because Defendants failed to satisfy the tip credit notice requirements under the FLSA and the NYLL. First, Plaintiff never received any notice that Defendants were taking a tip credit. (Barcenas Decl. ¶ 9). Plaintiff also did not receive any notice informing him that he must retain the tips he receives or that the tip credit taken by Defendants may not exceed the value of tips that he actually received. *Id*.

Furthermore, Defendants' pay statements do not show the amount of tip credit allowances that Defendants claimed as part of Plaintiff's minimum wage. *See* **EXHIBIT C**, Plaintiff's Paystubs.

Plaintiff's observations and conversations with his co-workers reveal that no other Covered Employees ever received proper tip credit notice from Defendants. (Barcenas Decl. ¶ 9). **Accordingly, Defendants were not entitled to claim tip credit allowance as part of their minimum wage obligations and are liable for minimum wage violations. *See Padilla v. Manlapaz*, 643 F. Supp. 2d 302, 309-10 (E.D.N.Y. 2009);** *Chan v. Sung Yue Tung Corp.*, No. 03 Civ. 6048, 2007 WL 313483, at *17 (S.D.N.Y. Feb. 1, 2007) (employer "may not take a tip credit unless it complies strictly with [the] statutory requirements."); *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 287 (S.D.N.Y. 2011) ("notice requirement is a firm one . . . [because] Congress expressly required notice as a condition of the tip credit[.]").

### *B. PLAINTIFF AND COVERED EMPLOYEES WERE ROUTINELY REQUIRED TO PERFORM NON-TIPPED DUTIES FOR MORE THAN 20 PERCENT OF THEIR SHIFTS*

Defendants were also not permitted to take tip credit from Plaintiff and Covered Employees because Defendants required Plaintiff and Covered Employees to perform non-tipped work for over 20 percent of each workday (Bercenas Decl. ¶ 3). "Under the FLSA, tipped employees who spend a substantial amount of time, or more than twenty percent of their workweeks, engaged in related but non-tip-producing work must be paid the full minimum wage for the time spent performing the non-tipped work." *Mendez v. Int'l Food House Inc.*, 13 Civ. 2651, 2014 U.S. Dist. LEXIS 121158, 2014 WL 4276418, at *3 (S.D.N.Y. Aug. 28, 2014) (internal quotation marks and citation omitted). **Under the NYLL, "if a tipped employee performs non-tipped work for (a) two hours or more, or (b) for more than 20 percent of his or her shift, whichever is less, the wages of the employee shall be subject to no tip credit for that day." N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.9.**

Here, Defendants routinely required Plaintiff and Covered Employees to perform substantial non-tipped activities **for two (2) to three (3) hours each day**, well over twenty (20) percent of their regular shifts. (Barcenas Decl. ¶ 3-5). Whenever the restaurant was less busy, Defendants required Plaintiff and Covered Employees cleaning the restaurant including the bathroom, unloading, polishing, washing glasses, mopping, and vacuuming. *Id*. Accordingly, Defendants were not permitted to take tip credit allowances from Plaintiff and Covered Employees.

Because the FLSA and NYLL requirements for taking tip credit were not satisfied, Defendants were not permitted to claim tip credit allowance. ***See Padilla v. Manlapaz,*** **643 F. Supp. 2d 302, 309-10** ***(E.D.N.Y. 2009)***.

***C. ALL TIPPED WERE REQUIRED TO UNDERGO A TRAINING PERIOD, DURING WHICH THEY WERE PAID THE TIPPED CREDIT MINIMUM WAGE, BUT WERE NOT ENTITLED TO KEEP THEIR TIPS.***

In addition to the above issues, Defendants, had all new bussers, runners, waiters, and bartenders undergo a training/orientation period. During this training period, which lasted for the first three days of each new individuals' employment, the new hire was paid less than minim wage, and was not allowed to retain their tips. (Barcenas Decl. ¶ 6-7).

### *D. DEFENDANTS VIOLATED THE NEW YORK LABOR LAW'S WAGE AND HOUR NOTICE AND WAGE STATEMENT REQUIREMENT WITH RESPECT TO ALL COVERED EMPLOYEES INCLUDING PLAINTIFF*

NYLL § 195.1 requires employers to provide employees wage notices that includes specific information at the start of the employment, including, *inter alia*, pay rate and weekly pay day. A revised wage and hour notice must be provided to employees upon any change in the information on the notice. NYLL § 195.1. NYLL § 195.3 requires employers to provide employees with wage statements "with every payment of wages" stating, *inter alia*, wages and hours worked.

Plaintiff testified that Defendants never provided any wage and hour notices upon hiring him or any date thereafter. (Barcenas Decl. ¶ 9). Although Defendants provided weekly paystubs to Plaintiff, any paystubs that were provided did not state Lattanzi's business address, telephone number, and the pay date of the paystubs. Therefore, these wage statements were improper under NYLL. *See* **EXHIBIT C**. Defendants' wage statements did not comply with the requirements under NYLL.

Similarly, Defendants never provided proper wage and hour notice and wage statements to the Covered Employees. (Barcenas Decl. ¶¶ 17-18). Any wage notice and wage statement that may have been provided to the Covered Employees were fraudulent on their faces because of Defendants' policy of instituting an invalid tip credit. It is therefore apparent that Defendants failed to provide proper documents to Plaintiff and Covered Employees in violation of the New York Labor Law.

## III. THE PROPOSED NOTICE SHOULD BE CERTIFIED

To protect putative collective action members' rights and interests, and to promote judicial economy and effective case management, the Court should approve notice to be distributed to all Covered Employees. Notice is appropriate because the initial pleadings and preliminary evidence show that all Covered Employees are similarly situated. Based on the Complaint and Plaintiff's declaration in support of this motion, all Covered Employees worked as non-exempt employees and Defendants (i) failed to receive proper wage statements, (ii) failed to receive proper wage notices, and (iii) failed to pay proper minimum wage (iv) failed to pay proper minimum wage to tipped employees, (v) wrongfully retained gratuities. Thus, they "together were victims of a common policy or plan that violated the law." *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 633 (S.D.N.Y. 2007) (internal quotation omitted).

### *A. EARLY NOTICE TO 'SIMILARLY SITUATED' EMPLOYEES IS APPROPRIATE AND NECESSARY*

The FLSA contemplates the maintenance of collective actions by similarly situated employees for an employer's violation of the provisions requiring payment of the minimum wage and overtime premium. 29 U.S.C. § 216(b). Such collective actions are favored under the law because they benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact" and provide employees with the opportunity to "lower individual costs to vindicate rights by the pooling of resources." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Braunstein v E. Photographic Labs.*, 600 F.2d 335, 336 (2d Cir. 1978); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007). The alternative, a multitude of virtually identical individual suits, would burden courts unnecessarily and risk inconsistent judgments arising from the same events and brought under the same laws.

**i. Sending Expedited Notice to "Similarly Situated" Employees Fulfills the FLSA's Broad Remedial Purposes**

Expedited notice is critical in FLSA actions. Unlike absent class members in a Rule 23 class action, potential class members in an FLSA collective action must affirmatively consent (or "opt in") to be covered by the suit. 29 U.S.C. § 216(b). The statute of limitations continues to run on each individual's claim until he or she files a written consent form with the Court. 29 U.S.C. §§ 255, 256(b). To ensure that the rights protected by the FLSA do not grow stale through lack of knowledge, the Supreme Court has held that courts have broad authority to facilitate early notice of the existence of the lawsuit to potential opt in plaintiffs. *Hoffmann-La Roche*, 493 U.S. at 170. Notice to putative class members should be given as soon as possible because, due to the statute of limitations, "potential plaintiffs may be eliminated as each day goes by." *Foster v. Food Emporium*, No. 99 Civ, 3860, 2000 U.S. Dist. LEXIS 6053, at *5 (S.D.N.Y. Apr. 26, 2000); *see also Cook v. United States*, 109 F.R.D. 81, 83 (E.D.N.Y. 1985) ("Certainly, it is unlikely that Congress, having created a procedure for representative action, would have wanted to prevent the class representative from notifying other members of the class that they had a champion.") (internal quotation marks and citation omitted). Thus, early distribution of a notice of pendency is crucial in an FLSA collective action.

The Court need not and should not delay the sending of notice until the completion of discovery. *Toure v. Cent. Parking Sys. of N.Y.*, No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056, at *8 (S.D.N.Y. Sept. 28. 2007) (ordering notice under 29 U.S.C. § 216(b) where only limited discovery had taken place); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007) ("The court is not obliged to wait for the conclusion of discovery before it certifies the collective action and authorizes notice."); *Patton v. Thomson Corp.*, 264 F. Supp. 2d 263, 267-68 (E.D.N.Y. 2005) (ordering notice before full discovery in order to "facilitate[] the

[FLSA]'s broad remedial purpose . . . promot[e] efficient case management . . . [and] preserve and effectuate the rights of potential plaintiffs whose claims might otherwise become time-barred during the discovery phase of the case") (internal citations omitted); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997) (ruling that the Court need not "wait for defendant to complete its discovery before authorizing class notice. To the contrary, courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management"). In lieu of discovery, courts rely upon allegations in a complaint and employee declarations to determine whether plaintiffs and potential opt in collective members are similarly situated. *E.g.*, *Gjurovich v. Emmanuel's Marketplace*, 282 F. Supp. 2d 91, 104 (S.D.N.Y. 2003).

### *B. THE COURT SHOULD CERTIFY THE COLLECTIVE ACTION AND ORDER NOTICE*

#### i. The Standard for Conditional Certification and Notice Is Lenient

"Courts generally determine the appropriateness of class certification at two stages: first, on the initial motion for conditional class certification, and second, after discovery." *Fasanelli*, 516 F. Supp. 2d at 321. At the first stage, "courts utilize a lenient evidentiary standard in assessing whether the Plaintiffs have presented sufficient evidence to demonstrate that a prospective class of member plaintiffs is similarly situated to the named Plaintiff." *Anglada v. Linens n' Things, Inc.*, No. 06 Civ. 12901, 2007 U.S. Dist. LEXIS 39105, at *11 (S.D.N.Y. Apr. 26, 2007); *Mentor v. Imperial Parking Sys., Inc.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007). Under this lenient standard, a court will certify a class as a collective action and order notice to potential class members where "the plaintiff satisfies the minimal burden of showing that the similarly situated requirement is met" based on the pleadings and declarations. *Iglesias-Mendoza*, 239

F.R.D. at 367 (internal quotation omitted). Upon certification, "[p]otential class members are then notified and provided with the opportunity to opt in to the action." *Id.*

To prevail on a motion for conditional certification, plaintiffs need only make a "modest factual showing" that they "are similarly situated *with respect to their allegations that the law has been violated.*" *Hallissey v. Amer. Online, Inc.*, No. 99 Civ. 3785, 2008 U.S. Dist. LEXIS 18387, at *6 (S.D.N.Y. Feb. 19, 2008) (internal quotation omitted; emphasis in original). Plaintiff must demonstrate that there is a "factual nexus between the [named plaintiff's] situation and the situation of other current and former [employees]." *Toure*, 2007 U.S. Dist. LEXIS 74056, at *6 (internal quotation omitted; alterations in original); *see also Mentor*, 246 F.R.D. at 181; *Fasanelli*, 516 F. Supp. 2d at 321. Plaintiffs meet their burden where putative collective members "together were victims of a common policy or plan that violated the law[.]" *Lee v. ABC Carper & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006) (internal quotation omitted), such as when they are all "employees of the same restaurant enterprise and allege the same types of FLSA violations." *Fasanelli*, 516 F. Supp. 2d at 322; *see also Toure*, 2007 U.S. Dist., LEXIS 74056, at *6 (stating that a plaintiff need only make a "modest factual showing" of similarity to satisfy the "relatively lenient evidentiary standard"); *Cuzco*, 477 F. Supp. 241 at 632-33 (plaintiff satisfied "minimal burden" by making "modest factual showing"); *Iglesias-Mendoza*, 239 F.R.D. at 367-68 ("[Plaintiffs can satisfy the 'similarly situated' requirement by making a modest factual showing . . . that they and potential plaintiffs together were victims of a common policy or plan that violated the law.") (quoting *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)); *Mazur v. Olek Lejbzon & Co.*, No. 05 Civ. 2194, 2005 U.S. Dist. LEXIS 30321, at *15 (S.D.N.Y. Nov. 29, 2005) (plaintiffs face only a very limited burden); *Hoffmann*, 982 F. Supp. at 261 ("The burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are "similarly situated.").

Allegations in the pleadings and declarations are sufficient to make this modest factual showing. *See, e.g.*, *Khalil v. Original Homestead Rest., Inc.*, No. 07 Civ. 695, 2007 U.S. Dist. LEXIS 70372, at *3 (S.D.N.Y. Aug. 9, 2007) (certifying collective action based upon complaint and one affidavit); *Zhao v. Benihana, Inc.*, No. 01 Civ. 1297, 2001 U.S. Dist. LEXIS 10678, at *2 (S.D.N.Y. May 7, 2001) (certifying based upon one affidavit founded on plaintiff's "best knowledge").

Unlike a Rule 23 class action, a §216(b) collective action requires no "showing of numerosity, typicality, commonality and representativeness . . . as a pre-requisite to approval." *Mazur*, 2005 U.S. Dist. LEXIS 30321, at *12 (internal quotation omitted); *see also Masson v. Ecolab, Inc.*, No. 04 Civ. 4488 2005 U.S. Dist. LEXIS 18022, at *37 (S.D.N.Y. Aug. 17, 2005). The lenient standard for certification and notice under §216(b) is justified because "[t]he ultimate determination regarding the merits of the case, and whether the class is properly situated – which requires a more 'stringent' inquiry – is made later in the litigation process, after more thorough discovery." *Gjurovich*, 282 F. Supp. 2d at 105; *see also Dumitrescu v. Mr. Chow Enters., Ltd.*, No. 07 Civ. 3601, 2008 U.S. Dist. LEXIS 49881, at *11 (S.D.N.Y. June 30, 2008) (noting that after discovery a court "review[s] the collective action certification more rigorously"). Plaintiff in this case has easily met the lenient standard for certification and notice.

**ii. The Underlying Merits of the Case are Immaterial to the Determination of Conditional Certification and Notice**

Although Plaintiff is confident that he will successfully establish that Defendants failed to properly compensate the Covered Employees under the FLSA, a discussion of the underlying merits is unnecessary and inappropriate at this time: "[T]he standard in this circuit is clear; the merits of plaintiffs' claim are not at issue in a motion for conditional certification." *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 354 (E.D.N.Y. 2008); *see also, e.g.*, *Mentor*, 246

F.R.D. at 181 (stating that "the merits of a plaintiffs claims need not be evaluated and discovery need not be completed to approve and disseminate a § 216(b) notice"); *Fasanelli*, 516 F. Supp. 2d at 322 ("To the extent that Defendants['] opposition relies on a detailed factual dispute about whether the Defendants maintained an 'illega1 off-the clock' policy, 'illegal tip retention' policy, or fail to pay the minimum wage, that inquiry is misplaced as those issues go to the merits of' the case."); *Toure*, 2007 U.S. Dist. LEXIS 74056, at *6 (stating that at the conditional certification stage "the merits of a plaintiff's claims need not be evaluated"); *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."); *Young v. Cooper Cameron Corp.*. 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (finding that "[t]he focus . . . is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are 'similarly situated'"); *Hoffmann*, 982 F, Supp. at 262 ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine that, a definable group of 'similarly situated' plaintiffs can exist here."). Any merits-based argument "is an improper ground on which to base a denial of a motion to certify conditionally an FLSA collective action[.]" *Anglada*, 2007 U.S. Dial. LEXIS 39105, at *20. Rather, the proper inquiry is merely "whether the putative class alleged by Plaintiff is similarly situated based on the pleadings and any affidavits," *Fasaneili*, 516 F. Supp. 2d at 321.

**iii. Plaintiff Has Made the Modest Factual Showing Required for Conditional Certification**

Here, Plaintiff has made far more than a modest factual showing that he and Covered Employees are similarly situated. Plaintiff's detailed allegations in the Complaint and declaration show that all Covered Employees were subject to the same compensation scheme. If proven,

these allegations establish that Defendants maintain illegal policies and practices that similarly affect all Covered Employees employed by Defendants.

### *C. DISCOVERY OF NAMES, ADDRESSES AND TELEPHONE NUMBERS IS PROPER AND NECESSARY UNDER § 216(b)*

It is appropriate for courts in collective actions to order the discovery of names and contact information of potential collective members. *E.g., Lee*, 236 F.R.D. at 202; *Fasanelli*, 516 F. Supp. 2d at 323-24; *Cuzco*, 477 F Supp. 2d at 637; *Sherrill v. Sutherland Global Servs., Inc.*, 487 F. Supp. 2d 344, 350 (W.D.N.Y. 2007); *Patton*, 364 F. Supp. 2d at 268. "Courts within this Circuit routinely grant plaintiff's motion to compel production of the names and addresses of potentially similarly situated employees who may wish to 'opt-in' to a collective action." *Anglada*, 2007 U.S. Dist. LEXIS 39105, at *22.

Plaintiff therefore requests that, in addition to entering an order granting conditional certification and approving Plaintiff's proposed notice, the Court order Defendants to produce within ten days of its Order a list of all Covered Employees in Excel format who were employed by Defendants at any point in the six years prior to the entry of the Order with the following information: names, Social Security numbers, titles, compensation rates, last known mailing addresses, email addresses, all known telephone numbers and dates of employment.

Plaintiff seeks the Social Security numbers of Covered Employees so that Plaintiff's counsel can perform a skip trace for all notices returned as undeliverable because of a change of address. Based on Plaintiff's counsel's belief, a large percentage of consent forms are typically returned as undeliverable, and the only way to locate these employees is to perform a search by Social Security number. Plaintiffs are willing to execute a stipulation of confidentiality regarding the numbers. *See Patton*, 364 F. Supp. 2d at 268 (requiring defendant to produce Social Security numbers of putative collective members subject to entry of a confidentiality agreement).

### *D. THE PROPOSED NOTICE IS FAIR AND ADEQUATE*

Attached as **EXHIBIT A** hereto is Plaintiff's proposed collective notice. The proposed notice provides clear instructions on how to opt in and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action. The Supreme Court specifically left the "content details of a proposed notice under § 216(b) . . . to the broad discretion of the court." *Lee*, 236 F.R.D. at 202; *see also Gjurovich*, 282 F. Supp. 2d at 106. "When exercising its broad discretion to craft appropriate notices in individual cases, District Courts consider the overarching policies of the collective suit provisions" and ensure that putative plaintiffs receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Fasanelli*, 516 F. Supp. 2d at 323. The proposed notice achieves the goal of providing potential opt ins with accurate and timely notice concerning the pendency of the collective action and should be adopted.

### E. EQUITABLE TOLLING

Should the Court grant the instant motion, Plaintiff respectfully requests that, to avoid inequitable circumstances, the FLSA statute of limitations be tolled until such time that they are able to send notice to potential opt-in plaintiffs. District courts in this and other Circuits have increasingly granted requests for equitable tolling to avoid the prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of such cases. *See, e.g.*, *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 170-71 (S.D.N.Y. 2014) (tolling the statute of limitations as of the date of the filing of the plaintiff's motion); *Glatt v. Fox Searchlight Pictures Inc.*, No. 11 Civ. 6784, 2013 WL 4834428, at *2 (S.D.N.Y. Aug. 26, 2013) (tolling statute of limitations as of the date the plaintiff was originally scheduled to file her motion for conditional certification); *Kemper v. Westbury Operating Corp.*, No. 12 Civ. 895, 2012 WL 4976122, at *3 (E.D.N.Y. Oct. 17, 2012) ("[P]laintiffs' request to notify individuals who were employed three

years from the date plaintiff filed this motion, rather than from the date of the mailing of the notice, is granted."); *McGlone v. Contract Callers*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (tolling statute of limitations while conditional certification motion was being decided).

In addition to tolling until such time as Plaintiff is able to send notice to potential opt-in plaintiffs, Plaintiff asks the Court to toll the statute of limitations in a manner parallel to the tolling of all statutes of limitations, which occurred in the State of New York. *See* New York State Governor Executive Orders 202.14, 202.28, 202.38, 202.8. All statutes of limitations in New York State actions were tolled from March 20, 2020 through to July 6, 2020. Here, Plaintiff filed its complaint on March 4, 2020, yet was unable to complete service of the complaint until August 12, 2020. Due to delays associated with Covid-19, this matter has been delayed by over five (5) months. Plaintiff has pursued certification without delay, and fellow opt-in plaintiffs should not be penalized for a delay caused by a global pandemic.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court conditionally certify their FLSA claims as a collective action and approve this motion in its entirety.

Dated: New York, New York
November 11, 2020

Respectfully submitted,

LEE LITIGATION GROUP, PLLC

By: /s/ C.K. Lee

C.K. Lee, Esq. (CL 4086)
Lee Litigation Group, PLLC
148 West 24th Street, 8th Floor
New York, NY 10011
Tel: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*