# EXHIBIT B

Case 1:20-cv-01924-LGS Document 134-2 Filed 11/11/20 Page 2 of 4

# DECLARATION OF M. PATRICIA SMITH

I, M. Patricia Smith, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. From 2007 through 2010, I served as the New York State Commissioner of Labor. (I became the Solicitor of the United States Department of Labor in March 2010.)

2. I respectfully submit this declaration to assist the Court in ruling on whether (1) the 2011 New York Hospitality Industry Wage Order requires written notice of the tip credit pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2; and (2) where an employer fails to provide such notice they lose the ability to claim a tip credit and employees may recover the difference between the full minimum wage and the tip-credit sub-minimum wage.

3. Having been the Commissioner of Labor at the time that the 2011 New York Hospitality Industry Wage Order was enacted, I believe, based on my experience, that both questions must be answered in the affirmative.

4. As part of my duties as the New York State Commissioner of Labor, I appointed Wage Boards that, after holding public hearings, submitted reports and recommendations to me regarding minimum wages, and "regulations as it deems appropriate to carry out the purposes of [the minimum wage laws] and to safeguard minimum wages." N.Y. Lab. Law § 655.

5. The Wage Boards were comprised of representatives of affected industries, representatives of employees in those industries, and representatives of the public. After receiving reports and recommendations from the Wage Boards, I had the authority to accept the recommendations and codify them into regulations. N.Y. Lab. Law §§ 656-57.

6. On March 18, 2009, I appointed the 2009 Restaurant and Hotel Industry Wage Board ("2009 Wage Board") to examine and review the Regulations that applied to restaurant and hotel workers. I tasked the board with examining several issues, including the following:

> Under federal law, in order to receive a tip allowance, employers must inform tipped employees that they are getting a lower rate based on receipt of gratuities, and must also keep an accurate record of tips received by employees. Employers who do not do so may not receive a tip allowance. Should the Wage Orders be amended to conform with federal law in this respect?

Recommendation of the Minimum Wage Board to the Commissioner of Labor Pursuant to Labor Law Section 655 (Article 19, The Minimum Wage Act).

7. On September 18, 2009, the 2009 Wage Board provided me with its Report and Recommendation of the Minimum Wage Board to the Commissioner of Labor Pursuant to Labor Law Section 655 (Article 19, The Minimum Wage Act). In this Report and Recommendation, the 2009 Wage Board recommended that I "adopt a requirement that when employees receive a

lower hourly wage based on the receipt of tips (a tip allowance), employers be allowed to receive such a tip allowance only if they notify the employee of the tip credit system. Providing an employer with concise guidance . . . will remove any uncertainty as to this issue. This process will allow employees to better understand what the tip credit actually means for them. *To ensure compliance with this notice provision, employers who fail to notify their employees of the tip allowance system will be prohibited from taking any tip credit for any employee who is not notified of the tip credit system.*" Id. (emphasis added).

8. On November 5, 2009, I accepted the 2009 Wage Board's recommendation "to require employers to notify tipped employees of any tip allowances that will be taken *and to disallow the tip allowance if such notice is not given.*" Order of Commissioner of Labor M. Patricia Smith on the Report and Recommendation of the 2009 Wage Board. (emphasis added). Based on my Order, as of January 1, 2011, the New York Labor Law Regulations included a requirement that "[p]rior to the start of employment, an employer shall give each employee written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday." N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2.

9. The intent of Section 146-2.2 was to make explicit the written notice requirements that employer must follow in order to take a tip credit. In order to avoid ambiguity on the notice requirement, the Section 146-2.2 enumerates everything that must be included in the notice and specifies that the notice must be in writing. Section 146-2.2 created a separate actionable violation if an employer failed to provide written notice pursuant to the Section 146-2.2. This is underscored by Section 146-1.3, which provides that the tip credit is conditional upon the notification under Section 146-2.2: "An employer may take a credit towards the basic minimum hourly rate if a service employee or food service worker receives enough tips *and if the employee has been notified of the tip credit as required in section 146-2.2 of this Part.*" (emphasis added).

10. If the employer does not give the required notice, they may not take a tip credit. If they pay a cash wage below the regular minimum wage, minimum wage violations have occurred. As with any minimum wage violation, the employee may recover the difference between the cash wage paid and the full minimum wage. As the 2009 Wage Board noted, the only way to ensure compliance with the notice requirement is to prohibit an employer from taking a tip credit if the employer does not provide the required written notice.

11. I am aware of a 2015 letter from the New York Department of Labor General Counsel[1] in which he argues that an employer may still be eligible to take a tip credit even where the employer fails to provide written notice of the tip credit so long as the employer can demonstrate compliance with the other minimum wage requirements and that the employees understood the "manner in which the employer took the tip credit." This letter does not correctly reflect the New York Labor Law Regulations that I put into place or the 2009 Wage Board Report and Recommendation that underlie them.

---

1 When I was Commissioner of Labor, Mr. Pico Ben-Amotz, the current New York Department of Labor General Counsel, served as my Deputy Commissioner for Worker Protection but was not involved in the Wage Board proceedings.

12. The Wage Board never proposed, and Section 146-2.2 does not require, that employees prove another separate violation of the minimum wage in order to bring a claim under Section 146-2.2. This concept appears nowhere in the Regulations or the Report and Recommendation and is contrary to the Report and Recommendation that I accepted as Commissioner of Labor.

13. As I explained above, the goal of Section 146-2.2 was to reduce ambiguity and to create an actionable violation when an employer fails to provide written notice. Section 146-2.2 sets out explicit information that the written notice must include.

14. For the reasons outlined above, Section 146-2.2 provides an actionable claim to employees where employers fail to provide compliant written notice but pay the tip-credit sub-minimum wage. In those circumstances, employers have violated the minimum wage law and employees may recover the difference between the full minimum wage and the tip-credit sub-minimum wage. The General Counsel has no authority to change this regulation or to add new requirements to it.

Dated: July 27, 2018
New York, New York

M Patricia Smith

M. Patricia Smith